(No. 19056.—

THE PEOPLE ex rel. Morris S. Gerstein, Petitioner, *vs.* LEN SMALL, Governor, *et al.* Respondents.

*Opinion filed June 19, 1929.*

This case is controlled by the decision in *People* v. *Emmerson,* 333 Ill. 606.

HENRY M. ASHTON, for petitioner.

OSCAR E. CARLSTROM, Attorney General, ALBERT D. RODENBERG, and BAYARD L. CATRON, for respondents.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

Upon leave granted, an original petition in the name of the People of the State of Illinois, on the relation of Morris S. Gerstein, against Len Small, Governor, Louis L. Emmerson, Secretary of State, and Garrett DeF. Kinney, State Treasurer, *ex-officio* members of the State Primary Canvassing Board, was filed in this court. The petition seeks a peremptory writ of *mandamus* commanding the respondents forthwith to meet and declare that the relator was nominated as one of the republican candidates for the office of representative in the General Assembly for the seventeenth senatorial district at the primary held on April 10, 1928, and commanding the Secretary of State to issue to the relator a certificate of such nomination.

The relator alleges in the petition that he became a candidate for the republican nomination for the office stated at the primary held on April 10, 1928; that by the returns of the primary, a tabulated statement of which was forwarded to the Secretary of State, the following votes were cast: For William V. Pacelli, 26,982; for Morris S. Gerstein, the relator, 1516; and for Dominick M. Alberti, 900½; that since the relator was among the three candidates who received the highest number of votes cast at the primary he became one of the republican nominees for the office of representative from the district specified; that thereafter the respondents, constituting the State Primary Canvassing Board, certified to the Secretary of State that William V. Pacelli was the only republican candidate for that office, and they refused to certify the relator as one of such nominees; that respondents' refusal was based upon a resolution theretofore adopted by the republican senatorial committee for the seventeenth district, that only one republican candidate for representative in the General Assembly for that district should be nominated at the succeeding pri-

mary; that copies of the resolution were subsequently filed with the Secretary of State and the county clerk of Cook county; that the respondents decided that by the adoption of the resolution and such filing of copies the republican electors of the seventeenth senatorial district lost the right to nominate more than one candidate for the office of representative in the General Assembly at the primary on April 10, 1928, and that in consequence of such determination the Secretary of State refuses to issue to the relator a certificate of his nomination as one of such candidates; that the respondents invoke as authority for the senatorial committee's adoption of the resolution section 11 of the act entitled, "An act to provide for the holding of primary elections by political parties for the nomination of members of the General Assembly and the election of senatorial committeemen," (Cahill's Stat. 1927, p. 1181; Smith's Stat. 1927, p. 1278;) and that the construction placed upon section 11 by the respondents is illegal and erroneous, and not only deprives the relator of his right to have his name placed upon the official ballot to be voted at the election of November 6, 1928, but also denies the qualified electors of the seventeenth senatorial district their constitutional right to vote for one, two or three candidates, as they may see fit. The respondents demurred to the petition.

This cause was submitted too late for a decision prior to the election held on November 6, 1928. Notwithstanding this fact, the public importance of the questions presented and the advisability of deciding them prior to the next general election impelled the court to take the cause for consideration. These questions have since been determined in *People* v. *Emmerson,* 333 Ill. 606, adversely to the contentions of the relator. The writ of *mandamus* must therefore be denied.

*Writ denied.*